LAWRENCE, Judge,
concurring and dissenting.
I respectfully dissent from the majority opinion to the extent that it reverses Bell’s conviction for robbery with a weapon under Count II, although I concur with affirming his conviction under Count III, which was severed and tried separately. I agree that the trial court gave an incorrect instruction to the jury in response to its question concerning a firearm. However, I would find beyond a reasonable doubt that, had the proper jury instruction been given, the same verdict would have been reached. This same jury acquitted Bell of armed robbery with a firearm under Count I and exercised its pardon power in reducing the charge of robbery with a firearm to robbery with a weapon, under Count II. The jury did this in spite of the overwhelming evidence that Bell carried a firearm during the robbery charged in Count II. This evidence included Bell’s confession to the police that he used a .32 caliber revolver during the robbery, the admission into evidence of the same pistol, which was recovered by the police from the car in which he fled the scene of the crime, and the victim’s testimony that Bell had his hands in his jacket or sleeve pocket and “motioned like he had a gun.” I can only conclude that the error was harmless beyond a reasonable doubt pursuant to the standard enunciated in State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Accordingly, I would affirm Bell’s conviction for robbery with a weapon under Count II.